IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THOMAS ROBERTSON, | § | |
|     *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:17-cv-03025 |
| | § | |
| NATIONWIDE GENERAL INSURANCE | § | |
| COMPANY and TOMAS GUTIERREZ, | § | |
|     *Defendants.* | § | |

## NOTICE OF REMOVAL

Defendant Nationwide General Insurance Company ("Nationwide"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the lawsuit captioned *Thomas Robertson v. Nationwide General Insurance Company and Tomas Gutierrez*; Cause No. 2017-24726, in the 113th Judicial District of Harris County, Texas.

## I.
## BACKGROUND

1. Plaintiff Thomas Robertson initiated the present action by filing his Original Petition in Cause No. 2017-24726, in the 113th Judicial District of Harris County, Texas, on April 12, 2017 (the "State Court Action").[1]

2. Defendants Nationwide and Tomas Gutierrez appeared and answered on September 29, 2017, asserting a general denial to the claims and allegations made in Plaintiff's Original Petition.[2]

---

[1] *See* **Exhibit A,** Plaintiff's Original Petition with citation.

[2] *See* **Exhibit B**, Defendants' Original Answer.

3.      Pursuant to 28 USC § 1446(a) all a copy of all process, pleadings, and orders served upon Defendants in the State Court Action are incorporated in **Exhibit A**. Pursuant to Local Rule 81, a full copy of the state court file has been requested and will be filed upon receipt.

4.      Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Nationwide will give written notice of the removal to Plaintiff through his attorney of record, and to the clerk of the 113th Judicial District of Harris County, Texas.

5.      Pursuant to 28 USC §§ 1446(b)(1) and 1446(c)(1), this Notice of Removal has been timely filed within thirty (30) days of service on Defendants of Plaintiff's Original Petition and less than one year after the commencement of this action.

## II.
## JURISDICTION

**A.     Diversity of Parties**

6.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[3]

7.      Plaintiff is domiciled in Harris County, Texas.[4] Pursuant to 28 U.S.C. § 1332(a), therefore, Plaintiff is a citizen of the State of Texas.

8.      Defendant Nationwide General Insurance Company is organized under the laws of Ohio and maintains its principal place of business in Ohio. Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Nationwide is a citizen of the State of Ohio.

---

[3]  *See* **Exhibit A**, Plaintiff's Original Petition with citation ¶ XIII ("Plaintiff seeks monetary relief, the maximum of which is over $100,000 but not more than $200,000").

[4]  *Id.* at ¶ II.

9. Defendant Tomas Gutierrez is a citizen of the State of Texas. However, Gutierrez's citizenship should be disregarded as he has been improperly joined to this action.[5]

10. Accordingly, there is complete diversity between the properly joined parties pursuant to 28 U.S.C. § 1332(a).

### *i. Improper Joinder*

11. A defendant is improperly joined if the moving party establishes that (1) the plaintiff has stated a claim against a diverse defendant that he fraudulently alleges is non-diverse, or (2) the plaintiff has not stated a claim against a defendant that he properly alleges is non-diverse.[6] Because Gutierrez is non-diverse, only the latter option is relevant.

12. A non-diverse defendant is improperly joined if "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against" the non-diverse defendant.[7] Courts may "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim" against the non-diverse defendant.[8] Under such analysis, the critical question is whether the allegations of Plaintiff's Original Petition "contain sufficient factual matter, accepted as true, to state a claim to relief under Texas law."[9] In undertaking this decision, courts are to apply the federal pleading standards to the asserted state court claim.[10] A plaintiff's obligation to provide the "grounds" for "entitle[ment] to relief" requires more than labels and conclusions and a formulaic recitation of

---

[5] Gutierrez's consent to removal is unnecessary because he is an improperly joined party. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 2003). Nevertheless, Gutierrez consents to the removal of this action.

[6] *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016).

[7] *Id.* at 200 (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.2d 568, 573 (5th Cir. 2004)).

[8] *Id.*

[9] *See Trang v. Bean*, 600 F. App'x 191, 193 (5th Cir. 2015) (internal citations omitted).

[10] *See Int'l Energy Ventures*, 818 F.3d at 200-08.

the elements of a cause of action will not do.[11] Put simply, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[12]

13. In this case, Plaintiff has asserted causes of action against Gutierrez, or "ADJUSTER DEFENDANT," for violations of the Texas Insurance Code.[13] However, Plaintiff has employed form allegations that are not substantively tailored to the facts of the case, which is made especially evident by the use of "ADJUSTER DEFENDANT" throughout the allegations rather than the adjuster's name.[14] Moreover, Plaintiff has failed to plead enough facts against Gutierrez to state a claim for relief that is plausible on its face. Instead, Plaintiff's petition includes only conclusory allegations that fall below the federal pleading standards and/or track the statutory language of the cited statutory provisions. Under the Rule 12(b)(6)-type analysis of *Smallwood* and the application of federal pleading standards, Plaintiff has failed to assert a claim to relief under Texas law against Gutierrez. As such, Gutierrez has been improperly joined to this action, and there is complete diversity of citizenship between the properly joined parties pursuant to 28 U.S.C. § 1332(a).

### B.  Amount in Controversy

14. Plaintiff's Original Petition states that "Plaintiff seeks monetary relief, the maximum of which is over $100,000 but not more than $200,000."[15] The threshold for diversity jurisdiction, $75,000, is therefore met by the allegations of Plaintiff's Original Petition.

---

[11] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[12] *Id.* at 570.

[13] *See* **Exhibit A**, Plaintiff's Original Petition with citation at ¶ VI(A).

[14] *Id.*

[15] *See* **Exhibit A**, Plaintiff's Original Petition with citation at ¶ XIII.

15. In his petition, Plaintiff further seeks compensation for (1) actual damages, (2) exemplary and/or treble damages, (3) 18% penalty interest, (4) attorney's fees, (5) pre- and post-judgment interest, and (6) costs of court.[16] Plaintiff has alleged that Defendants' conduct was wrongful and done knowingly, entitling him to a trebling of actual damages under Texas Insurance Code Chapter 541 and the Texas Deceptive Trade Practices Act.[17] Penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[18]

16. The amount in controversy plainly exceeds $75,000.00, exclusive of interest and costs.[19] Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

## IV.
## CONCLUSION

17. Plaintiff cannot establish a plausible basis on which to recover on his claims against Defendant Tomas Gutierrez based on the allegations in the petition. Accordingly, Nationwide asks that the Court find that Gutierrez was improperly joined and dismiss Plaintiff's claims against Gutierrez. This Court has original jurisdiction pursuant to 28 U.S.C. §1332, and this matter is therefore removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties, the amount in controversy exceeds $75,000.00 exclusive of interest and costs, and all requirements for removal under 28 U.S.C. § 1446 have been met.

18. WHEREFORE, Defendant Nationwide General Insurance Company hereby provides notice that this action is duly removed.

---

[16] See **Exhibit A,** Plaintiff's Original Petition with citation at ¶VIII.

[17] *Id.*; Tex. Ins. Code § 541.152 and Tex. Bus. & Comm. Code §17.50(b)(1).

[18] See *H&D Tire & Automotive-Hardware, Inc.*, 227 F.3d at 330; *see also St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

[19] See **Exhibit A**, Plaintiff's Original Petition with citation**.**

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
Southern District No. 38513
pkemp@smsm.com
Segal McCambridge Singer and Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

**ATTORNEY-IN-CHARGE FOR DEFENDANT NATIONWIDE GENERAL INSURANCE COMPANY**

OF COUNSEL:

Robert G. Wall
Texas Bar No. 24072411
Southern District No. 1117137
rwall@smsm.com
Lauren L. Burgess
Texas Bar No. 24082751
Southern District No. 2110127
lburgess@smsm.com
Segal McCambridge Singer and Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

## **CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the foregoing instrument has been served via certified mail return receipt requested this the 10th day of October, 2017, to:

Courtney Potter                                           ***9414 7266 9904 2061 9328 20***
Ketterman Rowland & Westlund
16500 San Pedro, Suite 302
San Antonio, TX 78232
courtney.potter@krwlawyers.com

                                            */s/ Patrick M. Kemp*
                                            Patrick M. Kemp